The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This letter is a response to your request for an opinion regarding the make-up of the Bradley School Board.
A.C.A. § 6-13-631 requires school districts with a ten percent or greater minority population to establish a school board elected either from five zones, seven zones, or five zones, with two at-large positions. It also provides that the first two at-large positions can be filled by two members of the then-existing board. See § 631(c). If they are, these two individuals are to be chosen by the drawing of lots among the members of that board. Finally, the statute provides that each board member is to serve a term of five years, see § 631(d)(2)(A), except that at the first meeting of the newly chosen board, the members should determine term lengths by lot so as to provide (to the extent possible) that an equal number of positions are filled each year and that not more than two members' terms expire each year. See § 631(e).
By way of attachments to your request, you have indicated that the Bradley School District chose a board make-up consisting of five election zones and two at-large positions, and that this make-up was approved by the County Board of Education. You have further indicated that in May of 1994, the Bradley School Board established its five election zones and chose the members who would fill the two at-large positions. The information that you have provided indicates that the other five members of the new Board were elected, and that the two at-large positions were not presented for election. In September of 1994, the Board voted to eliminate the two at-large positions. In October of 1994, the five elected members of the Board drew lots for term lengths. Subsequently, the board was advised by the attorney for the state school board association that the act of eliminating the two at-large positions was invalid because it was not done in accordance with the requirements of the law for decreasing school board size,[1] and that those two positions should be presented for election in 1995. However, the county clerk informed the board that the chairman of the county election commission had decided that the two at-large positions would not be open for election.
On behalf of the school board, you have presented the following specific questions:
 (1) Are the two at-large positions on the Bradley School Board to be elected or appointed?
 (2) How should the term of office be established for those who are elected or appointed?
 (3) What is the disposition of the former two appointed at-large members?
In response to your first question, it is my opinion that all at-large members subsequent to the first two chosen pursuant to A.C.A. §6-13-631, are to be chosen by election, when those positions are up for election. As explained further below, those positions may not be up for election at the next election. The two at-large members must be given an opportunity to draw lots for terms, with an equal opportunity to draw a five-year term. This means that the entire board must re-draw for terms. Until that is done, it will not be clear which positions will be up for election at the next election.
The language of the statute (A.C.A. § 6-13-631) governs the issue of whether the at-large members are to be elected or appointed. This statutory section is repeatedly explicit that the positions are to be elected, except for the first two at-large members who are chosen pursuant to the statute. The statute states:
 Beginning with the 1994 annual school election, the qualified electors of a school district having a ten percent (10%) or greater minority population, as reported by the most recent federal decennial census information, shall elect the members of the board of directors as authorized in this section. . . .
A.C.A. § 6-13-631(a) (emphasis added).
Again, in section (b), the statute states:
 At least ninety (90) days before the election, the local board of directors shall:
 (A) By resolution choose to elect board members from five (5) zones or seven (7) zones or from five (5) single-member zones and two (2) at large.
A.C.A. § 6-13-631(b)(1)(A) (emphasis added).
And again, in section (c), the statute states:
 A board of directors choosing to elect board members by five (5) single-member zones and two (2) at large positions may fill the two (2) at-large positions by drawing lots from among the current board members.
A.C.A. § 6-13-631(c) (emphasis added). I interpret this reference to filling the at-large position by drawing lots to refer only to the first two at-large members who are chosen under the new 5-2 system. I base this interpretation on three factors. One is the use of the term "current." The Merriam-Webster Dictionary defines "current" as "occurring in or belonging to the present." The "present," for purposes of section (c), was the period of time during which the statute was drafted and passed. The board that existed during that time period was the board prior to the one formed pursuant to A.C.A. § 6-13-631.
The second factor upon which I base my interpretation of section (c) is the fact that the language indicates that the two at-large members can be chosen from the board which makes the determination as to how to comply with A.C.A. § 6-13-631. Only one board made that determination: the board prior to the first one formed pursuant to A.C.A. § 6-13-631. Accordingly, that is the only board from which the two at-large members can be chosen by drawing lots.
The third factor upon which I base this interpretation of section (c) is the fact that if the section did, in fact, refer to subsequent boards, it would require members who were elected from the single-member zones to become at large members, leaving two single-member zone positions unfilled.
I therefore conclude that all at-large members subsequent to the first two who are chosen pursuant to A.C.A. § 6-13-631 are to be elected.
In response to your second question, it is my opinion that the terms of the two at-large members are presumptively five years each, pursuant to section (c), but that pursuant to section (e), the two at-large members' terms may be changed by lot, so as to meet the requirements of section (e), i.e., that (to the extent possible) an equal number of positions are filled each year and that not more than two members' terms expire each year. I have previously opined that the two at-large members' terms are to be determined by lot in accordance with section (e). See Attorney General Opinion No. 94-275.
In response to your third question, it is my opinion that because, as noted previously, the act of abolishing the two at-large positions was void, the two at-large members who were chosen by lot from the former board are still members of the school board, unless they have voluntarily vacated the positions.[2] Moreover, the other five members' act of drawing terms by lot, without including the two at-large members in the drawing, was also void. Under the requirements of A.C.A. § 6-13-631, the two at-large members must be given the opportunity to draw terms by lot, with the same chances for five-year terms as the other five members of the board. In short, in order to be in compliance with the law, the current board must conduct a new drawing for terms among the entire current membership of the board. Only when the new drawing for terms is accomplished will the board members know whose positions is up for election at the next election.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] This advice was correct. Decreases in the size of a school board must be approved by the county board of education. See A.C.A. §6-13-606. I assume that the Bradley School Board has not subsequently obtained county board approval of its act of decreasing the size of the board, since such approval would render your questions moot.
[2] If either position is vacant, the vacancy must be filled in accordance with the requirements of the law. See, generally, A.C.A. §6-13-613.